## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. NIXON, SR. | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 2:18-cv-685 |
| v. | : | |
| | : | |
| PHILADELPHIA COUNTY CLERK OF | : | |
| COURTS, *et al.* | : | |
| | : | HON. CYNTHIA M. RUFE |
| *Defendants* | : | |

### ORDER

**AND NOW,** this _____ day of _____ 2018, upon consideration of Defendant the Philadelphia County Clerk of Courts' Motion to Dismiss the Complaint, and Plaintiff's response, it is hereby **ORDERED** that the Motion is **GRANTED.**

The claims against the Defendant the Philadelphia County Clerk of Courts are **DISMISSED** with prejudice.

BY THE COURT:

_____

J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES E. NIXON, SR.                          :
                                             :          CIVIL ACTION
              *Plaintiff*        :
                                             :          NO. 2:18-cv-685
      v.                          :
                                             :
PHILADELPHIA COUNTY CLERK OF                 :
COURTS, *et al.*                             :
                                             :          HON. CYNTHIA M. RUFE
             *Defendants*     :

### Defendant the Philadelphia County
### Clerk of Courts' Motion to Dismiss the Complaint

Defendant the Philadelphia County Clerk of Courts moves to dismiss the

claims against it pursuant to Fed.R.Civ.P. 12(b)(1) on the following grounds that are

set forth more fully in the accompanying Brief:

- Eleventh Amendment immunity bars Plaintiff's claims.

**WHEREFORE**, Defendant the Philadelphia County Clerk of Courts

respectfully requests that this Honorable Court dismiss Plaintiff's claims against it

with prejudice.

Respectfully Submitted,

**s/Michael Daley**
MICHAEL DALEY, ESQUIRE
Attorney I.D. PA77212
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. NIXON, SR. | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 2:18-cv-685 |
| v. | : | |
| | : | |
| PHILADELPHIA COUNTY CLERK OF COURTS, *et al.* | : | |
| | : | |
| | : | HON. CYNTHIA M. RUFE |
| *Defendants* | : | |

### Brief in Support of Defendant the
### Philadelphia County Clerk of Courts' Motion to Dismiss the Complaint

## I.     Statement of the Case

This cases arises from a request for state court records. Plaintiff James E.

Nixon, Sr. requested records from his criminal case from Defendants the

Philadelphia County Clerk of Courts and the Philadelphia District Attorney's

Office. Plaintiff asserts that he did not receive a response. (Complaint at 1-2.)[1]

Prior to filing this case, Plaintiff sought the records from the Clerk of Courts

under Pennsylvania's Right to Know Law, 65 P.S. § 67.101, et seq. He then filed an

---

[1] At the time Plaintiff made his request, the First Judicial District had a Public Access Policy for case records. *See* http://www.courts.phila.gov/pdf/accesspolicy/FJD-Public-Access-Policy-with-Exhibits-and-Fee-Schedule.pdf (Accessed May 7, 2018.) Under Section 8 of the Policy, a requestor may seek relief in the First Judicial District if access is denied. The Unified Judicial System of Pennsylvania has since instituted a similar Public Access Policy for case records that went into effect in January 2018 and coves all the judicial districts, including the First Judicial District. *See* http://www.pacourts.us/assets/opinions/Supreme/out/477jad-attach1.pdf?cb=1 (Accessed May 7, 2018.)

appeal with Pennsylvania's Office of Open Records, claiming that he did not receive a response to his request. The Office of Open Records transferred the appeal to the First Judicial District, which led to Plaintiff seeking relief in the Commonwealth Court of Pennsylvania. That Court affirmed.[2]

**Claims and requested relief.**

The Complaint alleges access to courts and due process violations, through 42 U.S.C. § 1983. Plaintiff wants this Court to direct that he be allowed access to his records.[3]

## II.   Statement of Question

Does Eleventh Amendment immunity bar the Plaintiff's claims against the Clerk of Courts, which is a state entity?

Answer: Yes.

## III.   Argument

The Clerk of Courts is a state entity, hence, it has Eleventh Amendment immunity from Plaintiff claims. The Eleventh Amendment provides immunity to all states and state entities from suit in federal court. *Chilcott v. Erie Co. Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008). This immunity precludes Section

---

[2] The Commonwealth Court's decision is attached as <u>Exhibit A</u>.

[3] The "Philadelphia County Clerk of Courts" is the Office of Judicial Records, which is the criminal records custodian for the First Judicial District of Pennsylvania. In 2013, the Supreme Court of Pennsylvania transferred the powers of the Prothonotary and Clerk of Quarter Sessions, which used to hold court records, to the First Judicial District. That Order is attached as <u>Exhibit B</u>.

1983 claims. *Id.*

The Clerk of Courts has Eleventh Amendment immunity: it is part of the First Judicial District of Pennsylvania (as evidenced by the Supreme Court's 2013 Order), which is a part of the Commonwealth government, as set forth under both the Pennsylvania Constitution and statutory law. *See* Pa. Const. Art. V, §§ 1-3, 5; 42 Pa.C.S.A. § 102 ("Commonwealth government" includes the "courts"); 42 Pa.C.S.A. § 301(4); *see also Benn v. First Judicial Dist.*, 426 F.3d 233, 239-40 (3d Cir. 2005)(holding that Eleventh Amendment immunity protects all of Pennsylvania's judicial entities); *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000)(holding that all courts and agencies of the Unified Judicial System are state agencies).

The only relief that possibly could get around the Eleventh Amendment here is prospective, injunctive relief under *Ex Parte Young* to stop a continuing violation of federal law. *See Pennsylvania Fed. of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 324 (3d Cir. 2002). This exception does not apply to state entities such as the Clerk of Courts, though. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Furthermore, no ongoing violation of federal law is present here: Plaintiff takes issue with a purported past violation.

Thus, Plaintiff is suing Pennsylvania; Pennsylvania, however, has not waived its Eleventh Amendment immunity. *See* 42 Pa.C.S.A. § 8521(b). For that reason, the

Clerk of Courts is immune from Plaintiff's claims.[4]

## IV.   Conclusion

For the foregoing reasons, the Clerk of Courts respectfully requests that this Honorable Court grant its Motion and dismiss the claims against it with prejudice.

Respectfully Submitted,

s/Michael Daley
MICHAEL DALEY, ESQUIRE
Attorney I.D. No. PA77212
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

---

[4] The Clerk of Courts is also not a "person" as required for a civil rights claim. *See Callahan,* 207 F.3d at 674.

4

# EXHIBIT "A"

## IN THE SUPREME COURT OF PENNSYLVANIA

IN RE:  TRANSFER OF DUTIES OF
PROTHONOTARY AND CLERK OF
QUARTER SESSIONS  OF
PHILADELPHIA, FIRST JUDICIAL
DISTRICT OF PENNSYLVANIA

:   No. 412
:
:   JUDICIAL ADMINISTRATION DOCKET
:
:
:

### CORRECTED ORDER

**AND NOW**, this 30th day of September, 2013, pursuant to Article V, Section 10(a) of the Constitution of the Commonwealth of Pennsylvania, it is hereby ORDERED AND DECREED that all powers and duties of the Prothonotary of Philadelphia and the Clerk of Quarter Sessions of Philadelphia, First Judicial District, Pennsylvania, be transferred to the Trial Division of the First Judicial District.  This Order and Caption supersede the Order entered on this docket at September 24, 2013.

Justice J. Michael Eakin

# EXHIBIT "B"

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James E. Nixon, Sr.,            :
              Petitioner     :
                                 :
               v.               :     No. 706 C.D. 2016
                                 :     Submitted: September 29, 2017
Philadelphia County Clerk of Courts,  :
              Respondent   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER**                 **FILED: November 14, 2017**

     James E. Nixon, Sr., pro se, an inmate at the State Correctional Institution at Rockview, petitions for review of the April 12, 2016 Final Determination of the Office of Open Records (OOR) that transferred his appeal filed under the Right-to-Know Law[1] (RTKL) to the Appeals Officer for the Philadelphia County Clerk of Courts because OOR lacked jurisdiction to hear it. Upon review, we affirm.

     On or about March 21, 2016, Nixon submitted a request to the "Right to Know Officer[,] Criminal Division" of the Office of Judicial Records (OJR) for

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Philadelphia County,[2] seeking a variety of documents related to Nixon's criminal case, entitled *Commonwealth v. James E. Nixon*, No. CP-51-CR-031114-98.[3] Nixon apparently did not receive a response from OJR, so he filed an appeal with OOR, which was received on April 8, 2016.

On April 12, 2016, OOR issued its Final Determination transferring Nixon's appeal to the Appeals Officer for the Philadelphia County Clerk of Courts. (Certified Record (C.R.) Item 2, Final Determination at 1-2.) In doing so, OOR stated that the Philadelphia County Clerk of Courts is a "judicial agency" under Section 503(b) of the RTKL and, thus, OOR does not have jurisdiction to hear an appeal related to a request for records of a judicial agency. (*Id.* (citing 65 P.S. § 67.503(b)).) Instead, OOR continued, an appeal involving the denial of a records request from a judicial agency is to be heard by the appeals officer appointed by the relevant judicial agency. (*Id.* at 2.) Accordingly, OOR transferred Nixon's appeal to the Appeals Officer for the Philadelphia County Clerk of Courts. (*Id.*) Nixon appeals from OOR's Final Determination.[4]

Although Nixon's brief is hard to follow, he asks this Court to order the Philadelphia County Clerk of Courts to release the records of his criminal case to him so that he can prepare a post-conviction motion.

Nixon made his request to OJR, which is a "judicial agency" as that term is defined in Section 102 of the RTKL, 65 P.S. § 67.102 (defining judicial agency as "[a] court of the Commonwealth or any entity or office of the unified judicial

---

[2] The Philadelphia Clerk of Courts is actually OJR, which is the custodian of criminal records for the First Judicial District of Pennsylvania.

[3] Nixon's request was addressed to 1301 Filbert Street, Suite 310, which is where the Office of Judicial Records – Criminal is located.

[4] Our review of OOR's statutory jurisdiction involves a question of law and, thus, our standard of review is *de novo*. *Bowling v. Office of Open Records*, 75 A.3d 453, 475-76 (Pa. 2013).

system"). *See Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183, 1185-86 (Pa. Cmwlth. 2015) (holding that the Philadelphia Clerk of Courts is a judicial agency under the RTKL). When OJR did not provide a response to Nixon within five business days of its receipt of his written request, it was "deemed denied." Section 901 of the RTKL, 65 P.S. § 67.901. In order to appeal that denial, Nixon had to appeal to the Appeals Officer designated by OJR, and not to OOR. 65 P.S. § 67.503(a), (b);[5] Section 1101(a) of the RTKL, 65 P.S. § 67.1101(a);[6] *see Faulk*, 116 A.3d at 1185 (stating that "appeals of disputes involving a judicial agency are appealed to an appeals officer so designated by that judicial agency"). Thus, OOR correctly concluded that it did not have jurisdiction to hear Nixon's appeal. 65 P.S.

---

[5] Section 503 of the RTKL provides, in pertinent part:

**(a) Commonwealth agencies and local agencies.**--Except as provided in subsection (d), the Office of Open Records established under section 1310 shall designate an appeals officer under section 1101(a)(2) for all:
    (1) Commonwealth agencies; and
    (2) local agencies.
**(b) Judicial agencies.**--A judicial agency shall designate an appeals officer to hear appeals under Chapter 11.

65 P.S. § 67.503(a), (b).

[6] Section 1101(a)(1) of the RTKL provides,

    (1) If a written request for access to a record is denied or deemed denied, the requester may file an appeal with the Office of Open Records or judicial, legislative or other appeals officer designated under section 503(d) within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial. The appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request.

65 P.S. § 67.1101(a)(1).

3

§ 67.503(a), (b); *Frazier v. Phila. Cnty. Office of Prothonotary*, 58 A.3d 858, 859 (Pa. Cmwlth. 2012). Although, at that point, OOR could have dismissed Nixon's appeal for want of jurisdiction, it instead transferred his appeal to the Appeals Officer for the Philadelphia County Clerk of Courts. *Cf. Faulk*, 116 A.3d at 1186 (concluding that "OOR did not violate Requester's due process rights by neglecting to transfer his appeal to another appeals officer").[7]

Moreover, even if OOR had jurisdiction, none of the records Nixon requested are subject to disclosure under the RTKL. The RTKL limits the disclosure of a judicial agency's records to "financial records,"[8] and all of Nixon's requests relate to records from his criminal case. Sections 102 and 304 of the RTKL, 65 P.S. §§ 67.102, 67.304;[9] *see Faulk*, 116 A.3d at 1188 (holding that a sentencing order is not a financial record under the RTKL); *Frazier*, 58 A.3d at 860 (concluding that an autopsy report is not a financial record under the RTKL). However, we note, "[t]he RTKL is not the sole mechanism for obtaining records from judicial agencies." *Faulk*, 116 A.3d at 1187; *see* Pa. R. Crim. P. 113(A) (stating that upon request, the clerk of the court shall provide copies of a criminal case file at a reasonable cost).

---

[7] Neither party argues that OOR lacked the authority to transfer Nixon's appeal to the appeals officer for OJR.

[8] Financial records are defined as:

(1) [a]ny account, voucher or contract dealing with: (i) the receipt or disbursement of funds by an agency; or (ii) an agency's acquisition, use or disposal of services, supplies, materials, equipment or property[;] (2) [t]he salary or other payments or expenses paid to an officer or employee of an agency, including the name and title of the officer or employee[; and] (3) [a] financial audit report.

65 P.S. § 67.102 (definitions).

[9] Under Section 304(a) of the RTKL, "[a] judicial agency shall provide financial records in accordance with this act or any rule or order of court providing equal or greater access to the records." 65 P.S. § 67.304(a).

4

"[T]he courts are always open under our Constitution, and court records remain accessible to members of the public outside the RTKL."[10] *Faulk*, 116 A.3d at 1187. Thus, Nixon "may seek access to court records outside the constraints RTKL's statutory scheme imposes on access to records of a judicial agency." *Id.* at 1188.[11]

Accordingly, we affirm.

*Renée Cohn Jubelirer*
_____
**RENÉE COHN JUBELIRER**, Judge

---

[10] Nixon claims that he has attempted to obtain these records through other avenues, including his attorney.

[11] Nixon appears to claim that once OOR transferred his appeal to OJR, OJR's Appeals Officer never responded. To the extent Nixon is claiming that his appeal to OJR's Appeals Officer must be deemed denied based on the passage of time and that we should reach the merits of his request, the RTKL provides that an appeals officer "shall make a final determination which shall be mailed to the requester and the agency within 30 days of receipt of the appeal." Section 1101(b)(1) of the RTKL, 65 P.S. § 67.1101(b)(1). The failure of the appeals officer to issue a final determination within 30 days results in the appeal being deemed denied. 65 P.S. § 67.1101(b)(2). "Within 30 days of the mailing date of the final determination of the appeals officer . . . or the date a request for access is deemed denied," a requester may file an appeal with this Court. Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a). Thirty days had not passed from the time OOR transferred Nixon's appeal to OJR's Appeals Officer to Nixon's filing of his appeal with this Court. Moreover, Nixon's Notice of Appeal is from the Final Determination and not from any denial, or deemed denial, of his appeal to OJR's Appeals Officer. In any event, as we have discussed, none of the records Nixon requested are subject to disclosure under the RTKL.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James E. Nixon, Sr.,                      :
             Petitioner          :
                                   :
               v.                      :   No. 706 C.D. 2016
                                   :
Philadelphia County Clerk of Courts,      :
             Respondent          :

## O R D E R

**NOW**, November 14, 2017, the April 12, 2016 Final Determination of the Office of Open Records, entered in the above-captioned matter, is hereby **AFFIRMED**.

*Renée Cohn Jubelirer*
_____
**RENÉE COHN JUBELIRER,** Judge

Certified from the Record

NOV 1 4 2017

and Order Exit

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. NIXON, SR. | : |
| | :     CIVIL ACTION |
| *Plaintiff* | : |
| | :     NO. 2:18-cv-685 |
| v. | : |
| | : |
| PHILADELPHIA COUNTY CLERK OF | : |
| COURTS, *et al.* | : |
| | :     HON. CYNTHIA M. RUFE |
| *Defendants* | : |

## Certificate of Service

The undersigned certifies that on *May 8, 2018*, he caused the foregoing

*Motion to Dismiss* and *Brief* to be served via U.S. first class mail on the following:


James E. Nixon, Sr.
DX 5698
SCI Rockview
Box A
Bellefonte, PA 16823

Philadelphia District Attorney's Office
3 S. Penn Square
Philadelphia, PA 19107



**s/Michael Daley**
MICHAEL DALEY, ESQUIRE
Attorney I.D. PA77212
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486
LEAD ATTORNEY